JOSETTA CROSSMAN WHITE, by next friend,

*v.*

CHARLES E. CROSSMAN et al.

[Filed July 21st, 1905.]

A legatee whose legacy by the terms of the will is to be paid "when the property is disposed of" is entitled to maintain a bill to compel the executor, to whom the property was devised in trust for the execution of the will, with power to sell at such time and on such terms as should seem meet to him, to execute the trust, but not for a partition of the lands.

On demurrer to bill.

*Mr. Frank Durand,* for the demurrant.

*Mr. Gardner H. Cain* and *Mr. John T. Bird,* contra.

MAGIE, CHANCELLOR.

The bill demurred to is filed by Josetta Crossman White, by a next friend, against Charles E. Crossman and his wife, who are the only defendants.

It appears thereby that the complainant and Charles E. Crossman are the sole next of kin and heirs-at-law of one Catharine A. Clayton, deceased, who died a resident of New Jersey, leaving a will disposing of the residue of her property by a provision thus expressed:

"*Item.* I give and devise all the rest, residue and remainder of my real estate in Asbury Park and Edgemere to my son, Charles E. Crossman, my executor hereinafter appointed, in trust for the execution of my will, with power to sell and dispose of the same at public or private sale, at such time and upon such terms and such manner as shall seem meet; also the remainder of my personal property."

The bill further states that although Charles E. Crossman proved said will and took upon himself the burden of the execution thereof, he has failed to make sale of the lands devised to him by the above-quoted item, or to account for the same, or for the personal property bequeathed to him.

The bill further alleges that, by the will, testatrix bequeathed to complainant $500 "when the property is disposed of."

It is obvious that upon these statements of complainant she has a standing for some equitable relief against the defendant Charles E. Crossman. She is a legatee, whose legacy is to be paid when the property is disposed of, under the power granted to the executor. She is also one of the next of kin and heirs-at-law of the testatrix. The devise of the lands and the bequest of the personal property is in trust, limited, by express terms, to the execution of testatrix's will. There is no provision in the will to be executed except the payment of debts and legacies. It is therefore clear that there is a right in the next of kin or heirs-at-law to require the trust to be executed by a sale and the surplus, if any, to be distributed among them.

But this is not the relief sought by the bill. Its prayer is for a partition of the lands devised in the item above quoted, or for a sale of them, if they cannot be partitioned.

The demurrer assigns many matters or causes, including lack of equity.

In my judgment, the demurrer must prevail. Complainant has no estate in the lands or present right of possession. Her interest is that of a *cestui que trust,* arising upon the limitation of the trust devised, and it extends only to such parts of the proceeds of the sale as may not be exhausted in the execution of the will.

The demurrer must therefore be sustained.